IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES MOSLEY                                                                                   PETITIONER

v.                                                                                    No. 1:14CV117-MPM-JMV

RONALD KING, ET AL.                                                                           RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Mosley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mosely has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

James Wayland Mosley is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. On February 24, 2010, Mosley was convicted of possession of marijuana (Count II) and possession of cocaine (Count III) in the Circuit Court of Choctaw County, Mississippi (Circuit Court Case No. 2010-046-CR). On February 25, 2010, he was sentenced to pay a fine of $250 for Count II and to serve eight years in the custody of the Mississippi Department of Corrections for Count III. *Id*.

Mosley appealed his convictions and sentences to the Mississippi Supreme Court. On October 18, 2011, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *State v. Mosley,* 89 So.3d 41 (Miss.Ct.App. 2011) *reh'g denied*, Feb. 14, 2012, *cert. denied,* May 24, 2012 (Case No. 2010-KA-00467-COA). On June 27, 2012, Mosley filed a petition for

certiorari in the United States Supreme Court. The Court denied the petition on October 15, 2012.

On April 17, 2014, Mosley filed an Application to Proceed in the Trial Court with a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court. The application, filed in Case No. 2014-M-00503 and signed on April 16, 2014, challenges Choctaw County Circuit Court case number 2010-046-CR. That application was denied by the Mississippi Supreme Court on June 10, 2014.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

Mosley's judgment became final on October 15, 2012, when the United States Supreme Court denied his petition for certiorari. As such, Mosley's petition for a writ of *habeas corpus* was due in this court by October 15, 2013. As Mosley's motion for post-conviction collateral relief was signed after October 15, 2013 (the expiration of the one-year time federal *habeas corpus* limitation period), the statute of limitations for his federal petition was not tolled for the pendency of the post-conviction motion. 28 U.S.C. § 2244(d)(2), *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As such, Mosley's federal *habeas corpus* deadline remained October 15, 2013.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 16, 2014, and the date it was received and stamped as "filed" in the district court on July 21, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 279 days after the October 15, 2013, filing deadline. As set forth above, Mosley does not enjoy statutory tolling of the limitations period, and he has not alleged any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus

dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of November, 2014.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI